IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN ADAM TARKINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 21-353-RAW-KEW |
| | ) |
| RANDY HARDING, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who currently is incarcerated at Jim E. Hamilton Correctional Center in Hodgen, Oklahoma. He is attacking his conviction in Okmulgee County District Court Case No. CF-1994-58 for Unlawful Delivery of Narcotics (Dkt. 1 at 1). He raises three grounds for habeas corpus relief:

> **Ground One:** Guilty plea Summary of Facts form 13.10 was never filled out completely pursuant to Oklahoma District Court Rule 4.1.
>
> **Ground Two:** There has been a substantial change in the law, pursuant to Title 63, Section 2-401, effective November 1, 2018.
>
> **Ground Three:** The District Court of Okmulgee County was without jurisdiction to prosecute the petitioner in this case because the United States District Court has sole jurisdiction.

(Dkt. 1 at 4).

Respondent has filed a motion to dismiss, alleging the Court lacks subject matter

jurisdiction, because Petitioner is not "in custody," as required by 28 U.S.C. § 2244(d)(1), and the petition is time-barred by the statute of limitations under 28 U.S.C. § 2244(d)(1) (Dkt. 8). On February 4, 2022, Petitioner filed a Notice to the Court, complaining of access to the law library and requesting the Court for verification of the DOC policy regarding court-ordered deadlines (Dkt. 10 at 1). He did not, however, demonstrate he had suffered an actual injury from the policy, *see Lewis v. Casey*, 518 U.S. 343, 350-51 (1996), nor did he show that a denial or delay of access to the court prejudiced him in pursuing litigation, *see Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Further, Petitioner did not request an extension of time to respond to Respondent's motion to dismiss.

At the direction of the Court (Dkt. 11), Respondent filed a response to Petitioner's notice, providing documentation of Petitioner's access to the facility law library (Dkt. 12). Petitioner disputed Respondent's claim that Petitioner had adequate access, however, Petitioner again did not request additional time to file a response to the motion to dismiss (Dkt. 15). Instead, he requested appointment of counsel to represent him in this matter. *Id.* at 10.

On May 9, 2022, the Court found that Petitioner had adequate access to the prison law library, and he had not demonstrated an actual injury from a limitation to his access (Dkt. 16). He was advised that he could file a proper motion for extension of time, if he needed additional time to file a response to Respondent's motion to dismiss. *Id.* The Court also denied Petitioner's request for appointment of counsel, because he had not complied with

2

Local Civil Rule 7.1(b). *Id.*

The record shows that Petitioner entered a plea of nolo contendere to Unlawful Delivery of Narcotics, and on December 9, 1994, he was sentenced to five years' imprisonment, all of which were suspended, with the exception of 11 weekends to be served in the county jail (Dkts. 1 at 1, 9-1 at 2). On April 4, 2016, more than 21 years later, Petitioner filed an application for post-conviction relief in the state district court, arguing he had been deprived of his rights, because the Uniform Summary of Facts Form 13.10 for his criminal case was not completely filled out (Dkt. 9-2 at 2). The post-conviction application was denied by the district court on April 13, 2016 (Dkt. 9-1 at 3). On July 27, 2016, the Oklahoma Court of Criminal Appeals (OCCA) declined jurisdiction over Petitioner's post-conviction appeal in Case No. PC- 2016-505, because Petitioner had failed to timely file his Petition in Error with the OCCA Clerk of Court as required by Rule 5.2(C)(2) of the *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016) (Dkt. 9-3 at 2).

On August 22, 2016, Petitioner filed a second application for post-conviction relief, asserting again that he was deprived of his rights, because the Uniform Summary of Facts form was not completely filled out (Dkt. 9-4). This application was denied by the district court on August 26, 2016 (Dkt. 9-1 at 3). Petitioner appealed the denial of his application to the OCCA on September 8, 2016, in Case No. PC-2016-818 (Dkt. 9-5 at 2). On November 4, 2016, the OCCA affirmed the denial of the application (Dkt. 9-5 at 3).

Petitioner filed a third post-conviction application on November 8, 2019, alleging that

a substantial change in the law concerning the sentencing range for possession and distribution of a narcotic entitled him to have his sentence vacated (Dkt. 9-6). The state district court denied the application on February 22, 2020 (Dkt. 9-1 at 5).

On September 28, 2020, Petitioner filed a fourth application for post-conviction relief, asserting the district court lacked authority to prosecute him pursuant to *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020) (Dkt. 9-7). Petitioner did not claim Indian status, he instead alleged his crime occurred on the Muskogee Creek Indian Reservation. *Id.* at 3. The state district court denied the application on July 2, 2021 (Dkt. 9-1 at 6), and the OCCA affirmed the denial on September 16, 2021, in Case No. PC-2021-781 (Dkt. 9-8 at 2).

Respondent alleges that because Petitioner cannot satisfy the "in custody" requirement of 28 U.S.C. § 2254, this Court does not have jurisdiction to consider the habeas petition. Pursuant to 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989), the Supreme Court interpreted the language of § 2254 to require that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed."

To meet the "in custody" requirement, "there must be a significant restraint imposed on one's liberty." *Gonzales v. Stoker*, 575 F.2d 827, 827 (10th Cir. 1978) (citations omitted). The custody requirement is jurisdictional and "encompasses not only individuals subject to

4

immediate physical imprisonment, but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom." *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).

The record shows that when the Okmulgee County District Court denied Petitioner's first application for post-conviction relief on April 13, 2016, it stated that Petitioner was "not in constructive or actual custody of the State of Oklahoma on these charges and the sentence has been fully discharge[d]" (Dkt 9-9). This statement also is supported by Petitioner's second application for post-conviction relief, in which he stated he "has completed his sentence as a result of Case No. CF-1994-58" (Dkt. 9-4 at 1). Likewise, in Petitioner's third application for post-conviction relief, he again affirmed that he "has served his complete sentence and is not currently in custody for this conviction" (Dkt. 9-6 at 1). Because Petitioner's sentence in Okmulgee County District Court Case No. CF-1994-58 has been fully discharged, he was not in custody on the challenged conviction at the time he filed this habeas petition.[1]

---

[1] Petitioner's DOC report at https://okoffender.doc.ok.gov, indicates that he currently is serving a sentence of 15 years' imprisonment for his conviction in Oklahoma County District Court Case No. CF-2012-7249 (Dkt. 9-10; Dkt. 9-11). Petitioner's sentence in Case No. CF-2012-7249 was enhanced based on prior felony convictions (Dkt. 9-12). Petitioner, however, makes no mention of Case No. CF-2012-7249 in this habeas petition, nor does he in any way challenge his current sentence as being invalidly enhanced by his conviction in Case No. CF-1994-58 (Dkt. 1). Having failed to raise such a claim, Petitioner cannot meet the "in custody" requirement pursuant to the exception in *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001) (holding that only petitions that "[could] be read as asserting a challenge to the [current sentences], as enhanced by the allegedly invalid prior conviction" would satisfy "the 'in custody' requirement for federal habeas jurisdiction") (internal citation omitted). *See also McCormick v. Kline*, 572 F.3d 841, 851-52 (10th Cir. 2009) (noting that, in order for Petitioner to claim he is "in custody" under *Lackawanna*,

For the reasons set forth above, the Court finds Petitioner is not "in custody" pursuant to 28 U.S.C. § 2254(a), and his petition for a writ of habeas corpus must be DISMISSED for lack of jurisdiction.  Because the Court lacks jurisdiction, it does not reach Respondent's argument that this action is barred by the statute of limitations.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).  He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 11th day of August 2022.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

"we must be able to construe the petition--which lists [Petitioner's] 2001 convictions as the judgment of conviction under attack--as a challenge to his 2004 sentence as enhanced by the 2001 convictions."); *cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (recognizing that a pro se litigant's pleadings are to be construed liberally, but noting that it is not the "proper function" of the habeas court "to assume the role of advocate for the pro se litigant").